UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| JOHN L. DYKES, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Case Nos. 4:03-cr-4 / 4:07-cv-25 |
| | ) | Judge Edgar |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

**MEMORANDUM**

Pursuant to 28 U.S.C. § 2255 federal prisoner John L. Dykes moves for post-conviction relief. [Court Doc. No. 59]. The government opposes the motion. After reviewing the record and the applicable law, the Court concludes that the § 2255 motion is without merit. For the reasons expressed in this memorandum opinion, and for the reasons expressed by the government in its response [Court Doc. No. 64], the § 2255 motion will be **DENIED**. The record conclusively shows that Dykes is not entitled to any relief under § 2255. There is no need for an evidentiary hearing.

**I.    Standard of Review**

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct his judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack. As a threshold standard to post-conviction

1

relief under § 2255, a motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (2) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Dykes bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To warrant relief under § 2255 based on an alleged non-constitutional error, the burden is on Dykes to establish there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Dykes cannot utilize a § 2255 motion to relitigate the same

issues that were presented and decided in his direct appeal. *United States v. Dykes*, 2006 WL 960520 (6th Cir. April 14, 2006). Issues which are presented and decided on direct appeal may not be relitigated in a § 2255 proceeding absent exceptional circumstances, i.e. actual innocence or an intervening retroactive change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996). Dykes has not made out a viable claim of actual innocence and there is no intervening retroactive change in the applicable law.

**II.    Facts**

The Court finds that Dykes has not met this burden of showing that he is entitled to any relief under 28 U.S.C. § 2255. Dykes has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. He also has not established that there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law.

The facts are set forth in the Sixth Circuit's decision on Dykes' direct appeal. *Dykes*, 2006 WL 960520. Dykes was indicted on seven counts relating to producing, distributing, and selling marijuana. He pled guilty to one count of conspiracy to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 846, and the other counts in the indictment were dismissed.

The probation officer prepared a presentence investigation report (PSR) which provided that Dykes started out with a Sentencing Guidelines base offense level of 26. The government sought three sentencing enhancements to increase the offense level. First, the government sought a two-

level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm and Dykes did not object. Because Dykes did not object to the facts in the PSR upon which the U.S.S.G. § 2D1.1(b)(1) enhancement for possession of a firearm was based, he is deemed to have admitted those facts. *United States v. McCormick,* 401 F.3d 29, 33 (6th Cir. 2010); *United States v. Moore,* 582 F.3d 641, 644 (6th Cir. 2009); *United States v. Vonner,* 516 F.3d 382, 384-85 (6th Cir. 2008) (en banc); *United States v. Adkins,* 429 F.3d 631, 632-33 (6th Cir. 2005).

The government sought a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, and a three-level enhancement for his role in the offense as a manager or supervisor of five or more participants under U.S.S.G. § 3B1.1(b). Dykes objected to both of these sentencing enhancements in the PSR. After hearing testimony at the sentencing hearing, this Court denied the objection to the two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. This Court found that the government had adequately shown obstruction of justice on the part of Dykes. This District Court further found there was no proof that the marijuana operation involved five or more participants which precluded a three-level enhancement under U.S.S.G. § 3B1.1(b). However, this Court imposed a two-level enhancement on Dykes under U.S.S.G. § 3B1.1(c) for being an "organizer or leader." After applying a three-level reduction for acceptance of responsibility based on the guilty plea, all of these calculations yielded an adjusted offense level of 29 and a Guidelines range of imprisonment for a term of 87 - 108 months. This Court sentenced Dykes to a term of imprisonment of 98 months and a four-year term of supervised release.

Dykes took a direct appeal from the judgment of conviction and sentence to the Sixth Circuit Court of Appeals. On appeal Dykes argued that the District Court erred in imposing the two sentencing enhancements under U.S.S.G. §§ 3C1.1 and 3B1.1(c). The Sixth Circuit determined that

4

the District Court did not commit error in calculating Dykes' sentence of imprisonment under the Sentencing Guidelines. The Sixth Circuit rejected the challenge to the District Court's findings that Dykes obstructed justice, U.S.S.G. § 3B1.1(b), and that he was a "leader and organizer" of the criminal activity, U.S.S.G. § 3B1.1(c). *Dykes*, 2006 WL 960520.

On appeal Dykes also raised an argument that the District Court erred merely by making these findings of fact by a preponderance of the evidence during sentencing. The Sixth Circuit rejected this argument stating:

> Dykes's argument that the district erred merely by making findings of fact is baseless. Our court has consistently held that *Booker* does not forbid all judicial fact-finding in sentencing. *See, e.g., United States v. Coffee*, 434 F.3d 887, 898 (6th Cir. 2006); *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005).

*Dykes*, 2006 WL 960520, at * 2 n. 3. The Sixth Circuit vacated the sentence imposed on Dykes and remanded the case to the District Court for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005). The sole reason for the *Booker* remand for resentencing was that the District Court had treated the Sentencing Guidelines as mandatory and not advisory.

On the remand for resentencing, this District Court followed and complied with *Booker*. The District Court, having considered the Sentencing Guidelines as advisory in the wake of *Booker*, imposed the exact same sentence on Dykes. This Court again sentenced Dykes to a term of imprisonment of 98 months and a four-year term of supervised release. An amended judgment of conviction was entered. [Court Doc. No. 57]. Dykes did not take a direct appeal to the Sixth Circuit from the amended judgment. Instead, federal prisoner Dykes filed his instant motion for post-conviction relief pursuant to 28 U.S.C. § 2255

## III.   Analysis

### A.   Judicial Fact-Finding During Sentencing Post-*Booker*

Dykes argues that his rights protected under the Fifth and Sixth Amendments to the United States Constitution were violated when the District Court on remand resentenced Dykes and made judicial findings of fact that increased his Guidelines range above the base offense level. Dykes contends that this Court erred by enhancing his sentence based on his possession of a firearm and "other judge found factors." It is argued that the judicial fact-finding during sentencing deprived Dykes of his Fifth Amendment right to due process and his Sixth Amendment right to a trial by jury. Dykes relies on *Cunningham v. California*, 549 U.S. 270 (2007), for the proposition that any sentencing factors which have the effect of enhancing or increasing his sentence of imprisonment above the base offense level must be either found by a jury beyond a reasonable doubt or admitted by Dykes. He goes on to assert that this Court erroneously enhanced his Guidelines range and increased his sentence of imprisonment based on the Court's findings of fact during the sentencing hearing but not based on the findings of fact of a jury at trial or admissions by Dykes.

This entire argument is without merit. In his previous direct appeal from the original judgment of conviction and sentence, the Sixth Circuit decided that the District Court did not commit error by making these findings of fact on the sentencing enhancements during the sentencing process. *Dykes*, 2006 WL 960520, at * 2 n. 3. This issue has already been decided by the Sixth Circuit and it is the now law of this case. Dykes cannot utilize a § 2255 motion to relitigate the same issue that was presented and decided in his direct appeal. *Wright*, 182 F.3d at 467; *Jones*, 178 F.3d at 796; *Oliver*, 90 F.3d at 180; *DuPont,* 76 F.3d at 110-11.

Moreover, Dykes could have raised these issues when his case was before this District Court

6

on the *Booker* remand for resentencing but he failed to do so. Consequently, these issues are procedurally defaulted and may not be considered in this 28 U.S.C. § 2255 proceeding absent a showing of good cause and actual prejudice excusing the procedural default. *Bousley*, 523 U.S. at 622; *Frady*, 456 U.S. at 166-68; *Pevler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). Dykes fails to meet his burden of showing cause and prejudice to excuse his procedural default. The Court agrees with the government that Dykes cannot show cause and prejudice because his arguments are entirely without merit.

There was no violation of the Fifth and Sixth Amendments when the offense level for Dykes was enhanced two levels under U.S.S.G. § 2D1.1(b)(1) based on his possession of a firearm. Dykes never raised an objection to the PSR regarding his possession of a firearm. Because Dykes did not object to the facts in the PSR upon which the U.S.S.G. § 2D1.1(b)(1) enhancement for possession of a firearm was based, he admitted those facts. *McCormick,* 401 F.3d at 33; *Moore,* 582 F.3d at 644; *Vonner,* 516 F.3d at 384-85; *Adkins,* 429 F.3d at 632-33. Dykes cannot be heard to complain in this 28 U.S.C. § 2255 proceeding that the District Court made improper findings of fact during resentencing on remand concerning the enhancement under U.S.S.G. § 2D1.1(b)(1) for his possession of a firearm when Dykes admitted those facts by not objecting to the PSR.

There was no violation of the Fifth and Sixth Amendments as a result of the District Court's findings of fact as to any of the sentencing enhancements used to determine the advisory Guidelines range for Dykes post-*Booker*. With regard to judicial fact-finding after *Booker*, 543 U.S. 220, no Fifth and Sixth Amendment violations occur when a judge makes findings of fact during sentencing by a preponderance of the evidence to determine the advisory Guidelines range, so long as the resulting sentence imposed does not increase the penalty for the criminal offense beyond the

7

prescribed statutory maximum. *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010); *McCormick,* 401 F.3d at 34; *United States v. Kerestes*, 375 Fed. Appx. 509, 513 (6th Cir. 2010); *United States v. Mayberry*, 540 F.3d 506, 516-17 (6th Cir. 2008); *United States v. Pomales*, 268 Fed. Appx. 419, 420-21 (6th Cir. 2008); *United States v. Conatser*, 514 F.3d 508, 527-28 (6th Cir. 2008); *United States v. Harris*, 308 Fed. Appx. 932, 940 (6th Cir. 2009); *Vonner*, 516 F.3d at 384-85; *United States v. Gates*, 461 F.3d 703, 707-08 (6th Cir. 2006). Dykes does not contend and he cannot establish that this Court exceeded the prescribed statutory maximum sentence for the criminal offense on which he stands convicted.

Dykes cites *Cunningham*, 549 U.S. 270, for the proposition that judicial fact-finding during sentencing that increases the advisory Guidelines range is impermissible and a violation of his rights under the Fifth and Sixth Amendments. This argument is frivolous. His reliance on *Cunningham* is misplaced. The Sixth Circuit has held that *Cunningham* does not affect judicial fact-finding during sentencing so long as the district court treats the Sentencing Guidelines as advisory and the sentence of imprisonment does not exceed the prescribed statutory maximum punishment. *Harris*, 308 Fed. Appx. at 940; *Mayberry*, 540 F.3d at 516-17; *Conatser*, 514 F.3d at 527-28. This is precisely what occurred when the District Court properly resentenced Dykes on the *Booker* remand from the Sixth Circuit.

      **B.**     **Due Process and *Ex Post Facto* Claim**

Dykes next claims that the District Court's fact-finding during resentencing on the *Booker* remand violates his Fifth Amendment right to due process of law which includes *ex post facto* principles of fundamental fairness emanating from the *Ex Post Facto* Clause in Article I, Section 9, Clause 3 of the United States Constitution. The *Ex Post Facto Clause* in Article I, Section 9,

Clause 3 provides that Congress shall pass no *ex post facto* laws. This due process claim is predicated on the fact that the commission of the criminal offense by Dykes and his original sentencing occurred prior to the Supreme Court's decision in *Booker*, 543 U.S. 220, on January 12, 2005.

Dykes makes the following arguments. He contends that principles of due process, which inherently includes the prohibition against *ex post facto* laws, dictates that criminal offenses committed prior to *Booker* may only be sentenced below but not above the sentencing Guidelines base offense level, taking into account only facts that have either been admitted by a defendant or facts found by a jury at trial beyond a reasonable doubt. Dykes states:

> In all cases involving offenses committed before the date Booker was decided (January 12, 2005) ... Ex Post Facto principles inherent in the Due Process Clause, taken together with Booker's Sixth Amendment ruling, bars courts from imposing a sentence greater than the Blakely-ized guideline range. (Base Offense Level) The range as calculated only on the basis of facts proven to the jury beyond a reasonable doubt, or admitted by the defendants.

[Court Doc. No. 59, p. 5].

Dykes goes on to contend : "In accordance with the Sixth Amendment, under a mandatory guideline system, the range can be based only on facts found by the jury or admitted by the defendant. In other words, Defendants whose offenses occurred Pre-Booker get the benefit of Booker's Sixth Amendment ruling, but avoid any detrimental effect of Booker's remedy ruling." [Court Doc. No. 59, p. 6].

As the Court construes the § 2255 motion, Dykes argues that the application of *Booker's* remedial holding to his case when he was resentenced on remand created an *ex post facto* effect by allowing the District Court to impose a greater sentence of imprisonment under the post-*Booker*

9

advisory Sentencing Guidelines than it could have imposed at the time Dykes committed his criminal offense when the pre-*Booker* mandatory Sentencing Guidelines scheme was in place. This claim must be dismissed. The Sixth Circuit has rejected such *ex post facto* arguments in other cases. The Sixth Circuit has held that the retroactive application of *Booker's* remedial sentencing ruling when sentencing defendants for crimes committed prior to *Booker* simply does not lead to or create an *ex post facto* problem. *United States v. Sexton*, 512 F.3d 326, 331 (6th Cir. 2008); *United States v. Booker*, 367 Fed. Appx. 571, 577 (6th Cir. 2007); *United States v. Hill*, 209 Fed. Appx. 467, 468 (6th Cir. 2006); *United States v. Barton*, 455 F.3d 649, 652-57 (6th Cir. 2006); *United States v. Shepherd*, 453 F.3d 702, 705-06 (6th Cir. 2006). The defendant in *Booker* itself committed his crime prior to the Supreme Court's decision, and yet the Supreme Court instructed the lower courts to apply the advisory Sentencing Guidelines to him on remand. *Booker*, 543 U.S. at 268.

Accordingly, this Court concludes that the application of *Booker's* remedial holding to the resentencing of Dykes on the *Booker* remand from the Sixth Circuit and the application of the Sentencing Guidelines on remand as advisory rather than mandatory did not create an impermissible *ex post facto* effect that violates his Fifth Amendment right to due process of law. The arguments by Dykes to the contrary are frivolous.

**IV.** **Conclusion**

The motion by federal prisoner John L. Dykes for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court Doc. No. 59] shall be **DENIED and DISMISSED WITH PREJUDICE**. A separate judgment will be entered.

ENTERED this 11th day of April, 2011.

*/s/ R. Allan Edgar*

R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE